## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**JESSE JAMES COPEN SR,**

        Plaintiff,

v.                                                                       **Civil Action No. 5:22-CV-136**
                                                                            Judge Bailey

**TRACY HARPER,** Assistant Prosecuting Attorney, **STATE POLICE CORPRAL MILLER,** State Trooper, **TROOPER STALLING,** State Trooper, **TROOPER MAYLE,** State Police, and **UNKNOWN MEMBERS OF STR TEAM,** Special Response Team

        Defendants,

## REPORT AND RECOMMENDATION

On May 25, 2022, the plaintiff filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. On June 22, 2022, this Court directed defendants to file an answer to the Complaint. On July 19, 2022, defendants Miller, Mayle, and Stalling filed an answer, and on July 26, 2022, defendant Harper filed a Motion to Dismiss. [Docs. 18 & 20]. On July 28, 2022, this Court informed plaintiff of his right to respond to the Motion to Dismiss, and on August 10, 2022, plaintiff filed a response. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). In light of the motion to dismiss and plaintiff's response, it is clear that plaintiff's Complaint relates to an ongoing criminal proceeding in state court and this Court must dismiss the case.

1

## I. BACKGROUND

In his Complaint, plaintiff alleges that false charges were brought against him and that arresting officers used excessive force against him, including cutting or stabbing his wrist, punching him while he was being choked, and knocking out one his teeth and injuring his left knee. [Doc. 1 at 7–8]. As made clear in the memorandum supporting the Motion to Dismiss, plaintiff is complaining about an ongoing criminal case. Magistrate Harper, incorrectly identified in the Complaint as a prosecuting attorney, is an elected Magistrate Court Judge in Randolph County. On February 1, 2022, Magistrate Harper signed search warrants and an arrest warrant for plaintiff, with charges against plaintiff including being a prohibited person with firearms, wanton endangerment, and terroristic threats. Reviewing the attachments to the memorandum, it appears that the arrest plaintiff complains of occurred later that day.

Magistrate Harper argues that this case should be dismissed for three reasons: first, that claims related to Magistrate Harper's judicial actions are barred by the doctrine of judicial immunity. Second, that plaintiff's claim is barred by **Heck v. Humphrey**, 512 U.S. 477 (1994) because plaintiff cannot show that his conviction or imprisonment was unlawful. Third, that plaintiff's claim for fraud has not been pled with particularity.

In plaintiff's response, plaintiff argues that he has been repeatedly targeted by law enforcement in Randolph County. He supplies the Court with a letter from his parents written to Judge Wilmoth regarding the events of January 31–February 1 and requesting that all charges be dropped. From this, it is clear that the events complained of in this case relate to an ongoing criminal proceeding in Randolph County.

## II. STANDARD OF REVIEW

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (emphasis added)." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir.

3

2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

### III. ANALYSIS

**I. Plaintiff's claims are barred by *Younger* abstention.**

The plaintiff's claims are barred by the doctrine of federal abstention in state court matters, set forth in **Younger v. Harris**, 401 U.S. 37 (1971). In *Younger*, the Supreme Court stated "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44. "The [*Younger*] Court further found that where a party sought to enjoin proceedings as a violation of their rights under the United States Constitution, such arguments could be asserted as a defense to the state charges and-accordingly-could be adequately addressed by the state court." **Westfall v. West Virginia**, No. 2:09-CV-103, 2009 WL 3334914, at *2 (N.D. W.Va. Oct. 14, 2009) (Bailey, J.). Under the *Younger* abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has jurisdiction, where the following test if met: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." ***Martin Marietta Corp. v. Maryland Comm'n on Human***

*Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing ***Middlesex County Ethics Comm. v. Garden State Bar Ass'n***, 457 U.S. 423, 432 (1982); see also ***Virginia Inst. Of Autism v. Virginia Dep't of Educ.***, 537 F. Supp.2d 817, 820 (E.D. Va. 2008).

Here, all three conditions have been met.  First, it is clear plaintiff's claims challenge still-ongoing state court criminal proceedings against him in Randolph County, which were instituted before this action in federal court.  Second, these criminal proceedings implicate an important state interest in the orderly prosecution of state citizens.  Third, the Randolph County Circuit Court can adequately handle any constitutional claims the plaintiff might raise there.[1]  Given that all three criteria exist here, abstention bars the granting of the plaintiff's requests for what amounts to injunctive relief in the form of directing a state court to dismiss criminal charges.  Accordingly, the undersigned find that the motion to dismiss should be granted; further, the undersigned finds that the complaint should be dismissed as to *all* defendants.

**II. Plaintiff's claims against Magistrate Harper are barred by judicial immunity.**

Even if ***Younger*** abstention did not apply, plaintiff's claims against Magistrate Harper are barred by judicial immunity.  As Judge Johnston summarized:

> "The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983, under certain conditions." ***King v. Myers***, 973 F.2d 354, 356 (4th Cor. 1992) (citing ***Pierson v. Ray***, 386 U.S. 547 (1976)). This absolute judicial immunity shields "judges from liability for damages for acts committed within their judicial jurisdiction"—even if such acts are done maliciously or corruptly. ***Pierson***, 386 U.S. at 554 (citing ***Bradley v. Fisher***, 80 U.S. 335 (1872)); see ***King***, 973 F.2d at 356. Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit

---

[1] Under the well-established principles of federalism and comity, the ***Younger*** doctrine "also recognizes that state courts are fully competent to decide issues of federal constitutional law." ***Martin Mariettta Corp.***, 38 F.3d at 1396.

> of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" **Pierson**, 386 U.S. at 553-554 (citing **Scott v. Stansfield**, L.R. 3 Ex. 220, 223 (1869)).
> The only carve-outs to this absolute judicial immunity are that this immunity does not extend to a judge's actions that are undertaken in the "clear absence of all jurisdiction" or if the judge's action is not a "judicial act." **Stump v. Sparkman**, 435 U.S. 349, 357–62 (1978) (citations omitted). In other words, "[n]o immunity is granted if 'there is clearly no jurisdiction over the subject-matter ... [and] the want of jurisdiction is known to the judge[.]" **Id**. Moreover, an act is deemed a judicial act if "the function is one normally performed by a judge" and if "the parties dealt with the judge in his or her judicial capacity." **Id**. at 362.

**Barker v. Keeley**, No. 3:20-CV-00202, 2021 WL 4465936, at *3–4 (N.D. W.Va. Sept. 29, 2021) (Johnston, J.). Here, there is nothing in the Complaint nor plaintiff's reply which would indicate Magistrate Harper's actions were taken in the absence of jurisdiction or that they were not judicial actions. Accordingly, Magistrate Harper is shielded by absolute judicial immunity.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 20**], and that this case be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that the pending Motion to Preserve All Evidence [**Doc. 10**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits,

unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** August 17, 2022.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE