IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JESSE JAMES COPEN SR.,**

        Plaintiff,

v.                             **CIVIL ACTION NO. 5-22-CV-136**
                                  Judge Bailey

**TRACY HARPER,** Assistant
Prosecuting Attorney, **STATE POLICE CORPORAL
MILLER,** State Trooper, **TROOPER STALLING,**
State Trooper, **TROOPER MAYLE,** State Police,
**UNKNOWN MEMBERS OF STR TEAM,**
Special Response Team,

        Defendants.

## ORDER DISMISSING CASE

Pending before this Court are a variety of Motions [Docs. 10, 20, 30 & 31], and a Report and Recommendation [Doc. 26]. In the Report and Recommendation, United States Magistrate Judge James P. Mazzone concluded that this Court must dismiss the pending case.

## APPLICABLE LAW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is

1

this Court required to conduct a de novo review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of de novo review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Pro se filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the Magistrate Judge's Report and Recommendation on August 29, 2022. [Doc. 32]. "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." ***Green v. Rubenstein***, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." **Id**.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

## DISCUSSION

Plaintiff lodges fourteen (14) general, conclusory objections to the R&R, none of which point to any specific error in the R&R. Moreover, none of the objections rebut the magistrate judge's correct conclusion that plaintiff's claims are barred by the doctrine of federal abstention in ongoing state court matters. In **Younger v. Harris**, 401 U.S. 37 (1971), the Supreme Court of the United States stated "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." **Id**. at 43–44. "The [**Younger**] Court further found that where a party sought to enjoin proceedings as a violation of their rights under the United States Constitution, such arguments could be asserted as a defense to the state charges and–accordingly–could be adequately addressed by the state court." **Westfall v. West Virginia**, 2009 WL 3334914, at *2 (N.D. W.Va. Oct. 14, 2009) (Bailey, J.). Under the **Younger** abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has

jurisdiction, where the following test is satisfied: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, all three conditions have been met. First, it is clear plaintiff's claims challenge instances occurring in ongoing state court criminal proceedings against him in Randolph County, which were instituted before this action in federal court. Second, these criminal proceedings implicate an important state interest in the orderly prosecution of state citizens. Third, the Circuit Court of Randolph County can adequately handle any constitutional claims the plaintiff might raise there. Accordingly, abstention bars the plaintiff's requests.

## CONCLUSION

For the reasons contained herein, plaintiff's objections [**Doc. 32**] are **OVERRULED**, and the R&R [**Doc. 26**] is **ADOPTED**. Defendant Tracy Harper's Motion to Dismiss [**Doc. 20**] is **GRANTED**. The above-captioned matter is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Preserve All Evidence [**Doc. 10**], Motion for Trial by Jury [**Doc. 30**], and Motion to Amend Civil Action [**Doc. 31**] are **DENIED AS MOOT**.

The Clerk is directed to strike this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: August 30, 2022.

                                                                JOHN PRESTON BAILEY
                                                                UNITED STATES DISTRICT JUDGE